## In re TOM PATTERSON.

No. A-5714. Opinion Filed Nov. 28, 1925.
(240 Pac. 1117.)

Matson & Mathers, for petitioner.

The Attorney General, for respondent.

PER CURIAM. In the petition filed in this court July 25, 1925, it is alleged that petitioner, Tom Patterson, is unlawfully imprisoned in the state reformatory at Granite, by Dr. G. A. Waters, warden of said reformatory. The cause of said restraint, as alleged, is that said petitioner was ordered committed to the state reformatory by the state bureau of criminal identification and investigation; that said restraint is illegal and unauthorized, "in that said petitioner, on the 2d day of April, 1925, was committed to the county jail of Washita county, Oklahoma, on a charge of bank robbery, after a preliminary examination on said charge, said bank robbery being alleged to have been committed in said county; that said cause has never been tried,

and that said petitioner is now awaiting trial on said charge, being held without bond; that since said preliminary examination this petitioner has been confined in the city jail of Oklahoma City, Oklahoma, in the state penitentiary at McAlester, Oklahoma, and in the state reformatory at Granite, Oklahoma, but at no time has he been confined in the county jail of Washita county, at Cordell, Oklahoma, and this petitioner alleges that the common jail of Washita county, Oklahoma, is a safe place in which to confine him pending said trial, and that one Ben Parks, who is jointly charged with him, and who, on the same day, was given a preliminary examination and held to answer said charge, without bond, at said preliminary examination, is now and has been ever since the date of said preliminary examination held in the county jail of said Washita county, awaiting trial; that the confinement of said petitioner in said reformatory is, as he believes and charges, for the purpose of intimidating him and making it difficult and almost impossible for him to communicate with his attorneys and relatives and properly prepare his defense to said charge; that near relatives of petitioner have attempted to communicate with petitioner since his confinement in said reformatory, but the privilege of talking with this petitioner has been denied to them; that petitioner is not guilty of said charge and has a good defense thereto, and is entitled under the laws of this state to be held in a common jail pending his trial on said charge, and not to be confined in said state reformatory; that said petitioner was incarcerated in said reformatory without his consent, and without notice to his attorneys or any of his near relations, and petitioner alleges that said warden is now holding said petitioner without any legal commitment for his confinement therein. Wherefore your petitioner prays this honorable court to grant him a writ of habeas corpus, directed to the said Dr. G. A. Waters, warden of said reformatory, to produce the body of said petitioner in this court, on the

―――― day of July, 1925, and that a hearing be had on this petition on said date, and that on said hearing said petitioner be released without delay from such unlawful imprisonment, and that he be remanded to the custody of the sheriff of Washita county, Oklahoma, to be held in the common jail of said county, pending his trial on said charge of bank robbery now preferred against him in said county." A writ of habeas corpus was granted as prayed, returnable before this court July 28th. On the return day petitioner was produced in open court and the respondent filed his answer in part as follows: "It is a well-settled rule that prisoners are as a matter of right entitled to consultation with counsel before their conviction. Before an accused has had a trial, he is under the law presumed to be innocent until proven guilty, and is therefore entitled as a matter of right, to prepare for defense. Therefore we are obliged to admit that the prisoner at bar is entitled to hold consultations in accordance with the regular general rules of the institution. The only remaining question is what should be done under the circumstances. The petitioner's petition prays release from the Granite reformatory. We have agreed that he is entitled to hold consultation with his lawyers and that his near relatives be permitted to visit him in accordance with the regular general rules of the institution concerning such matters. Therefore the only matter remaining is as to whether or not the court will grant the request made by the prisoner in open court, or his prayer in his petition. In his petition he seeks release from the Granite reformatory. In his oral request in open court he requests to remain in the Granite reformatory. We therefore respectfully submit to this honorable court that, as we have agreed that the petitioner may hold consultation with his lawyers and that his near relatives may visit him as above mentioned, the writ of habeas corpus prayed for be denied, and that this court recognizes the order of commitment of the district court of Washita county, is-

sued on August 3, 1925, properly committing the prisoner to the Granite reformatory, and that this court order that he be held in the Granite reformatory pending his regular trial for the Canute bank robbery charge." On the hearing it appeared that after this petition was filed, and on August 3, 1925, pursuant to an application filed in the district court of Washita county by the county attorney of said county to have petitioner confined in said reformatory at Granite, said district court, E. L. Mitchell, Judge, issued an order of commitment, and further ordered "that petitioner's attorneys and his near relatives be allowed to converse privately with said petitioner, subject to the rules and regulations of said reformatory," and on behalf of petitioner it was stated that he had no further objection to remaining in said reformatory. Upon consideration of the pleadings, the evidence offered, and argument of counsel, it was ordered that said petitioner be remanded to the custody of Dr. G. A. Waters, warden, and further ordered that the near relatives of said petitioner be permitted to visit, converse, and consult with him, and that said petitioner be allowed to receive and forward mail, subject to the rules and regulations as may be in force in said reformatory. It was further ordered that said petitioner be allowed to consult privately with his counsel at all reasonable times.